Balám O. Letona, Esq. (Cal. Bar No. 229642)
Law Office of Balám O. Letona, Inc.
55 River Street, Ste. 220
Santa Cruz, CA 95060
Telephone: (831) 421-0200
Facsimile:  (831) 421-0400
letonalaw@gmail.com

Attorney for Plaintiff:
Stevin Masuda

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVIN MASUDA,<br><br>Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A., and DOES 1-10.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>JURY TRIAL DEMANDED |

## I. INTRODUCTION

1.   In April 2013 Defendant Citibank N.A., and its debt collectors began calling Plaintiff's cell phone nearly everyday causing his cell phone to ring repeatedly. Plaintiff has received up to three to six collection calls a day from Citibank in an effort to collect on a consumer credit card that he doesn't owe. Time and again Plaintiff has told Citibank that he doesn't have an account with the bank and to stop calling him. Citibank refuses. Despite his best efforts, Citibank has ignored Plaintiff and he is forced to bring this lawsuit to end its invasive and abusive collection campaign.

2.   As a result of defendant's unlawful acts and omissions Plaintiff's privacy has been invaded, he has suffered emotional distress including, stress, feelings of being overwhelmed by the constant telephone calls, anger, loss of concentration, fatigue, irritability, headaches, feelings of being targeted and fear of answering the phone amongst other negative emotions and damages.

3.   Defendant's conduct is part of a business plan and practice of unlawful collection abuse, including; failing to cease calling after being requested, repeated and intrusive telephone calls and using an auto dialer to call a person and leave prerecorded telephone messages on cell phones without prior consent or an established business relationship with the caller. Part of defendant's regular business practice is to make repeated phone calls to persons it believes responsible for paying delinquent debts.

4.   On December 29, 2008, the Federal Communications Commission cited Citibank for violating the TCPA. The FCC stated "[i]f, after receipt of this citation, you or your company violate the Communications Act or the omission's rules in any manner described herein, the Commission may impose monetary forfeitures not to exceed $11,000 for each such violation or each day of a continuing violation occurring before September 2, 2008, and $16,000 for each such violation or each day of a continuing violation occurring on or after September 2, 2008."

5.   In 2012 a pair of class actions were filed by two California consumers against Citibank alleging that Citibank called their cell phones via an "automatic telephone dialing system" and/or using "an artificial or prerecorded voice" without their prior express consent in violation of the TCPA. Later, the court compelled arbitration thereby ending the federal litigation. See, *Cayanan v. Citi Holdings*, 12-cv-1476 MMAJMA (S.D. Cal. June 15, 2012)(TCPA class action alleging 110 calls to Plaintiff's cell phone); *Baker v. Citibank, N.A.* 12-cv-05038 (C.D. Cal.  2012)(class action for unlawful TCPA calls to consumers throughout California).

6.   In 2000 the California legislature incorporated most of the Federal Fair Debt Collection Practices Act (15 U.S.C. §1692 et.seq.) into the Rosenthal Fair Debt Collection Practices Act ("RFDCPA".) See CC §1788.17.

7.   In enacting the federal FDCPA, Congress found that the type of behavior taken by defendant against Plaintiff causes damage to individuals, families and the public. The United States Congress found:

a.   There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to <u>invasions of individual privacy</u>.

## II. FACTS

8.   In April 2013 Plaintiff began receiving constant telephone calls on his cell phone from defendant. Defendant called Plaintiff in an attempt to collect on a Citibank Mastercard consumer credit card. Defendant left prerecorded voice messages on his cell phone directing him to e-mail Citibank or call.

9.   Plaintiff did just that. On April 17, 2013, Plaintiff e-mailed Citibank. He informed Citibank that he keeps getting telephone calls from it and he has no account with the bank. Citibank responded that it could not locate an account in his name.

10.   The next day Plaintiff telephoned. He gave Defendant his name and told it that he did not have an account with Citibank and asked that it stop calling him. Defendant apologized and told Plaintiff that it would take him off its telephone dialer and stop calling him. Defendant did neither.

11.   Instead, defendant continued to make repeated and continuous telephone calls to Plaintiff in connection with an attempt to collect on the Citibank account. Citibank called Plaintiff's cell phone using an automatic telephone dialing system without his consent.

12.   Additionally, Defendant called Plaintiff's cell phone using a prerecorded or artificial voice without his consent. Defendant left prerecorded voice messages on his cell phone. In the prerecorded voice messages defendant insisted that Plaintiff call defendant immediately about his Citibank credit card and directed him to call Citibank at 1-877-483-9183 or to visit its website. In the prerecorded messages defendant insisted that its telephone call was "not a sales call."

13.   On or about May 16, 2013, Plaintiff again spoke with defendant. He provided his name and he asked that the telephone calls stop. Defendant apologized and told Plaintiff that it would take him off its dialer. None of this happened. The calls continued.

14.   On or about May 30, 2013, Plaintiff sent written correspondence to defendant. In the

1  letter Plaintiff provided his name, address, cell phone number and restated he does not have an

2  account with defendant and asked that defendant stop calling him.

3      15.  The letter did not change anything. Defendant continued to call Plaintiff's cell phone

4  using an automatic telephone dialing system, using an artificial or prerecorded voice and kept

5  leaving prerecorded voice messages.

6      16.  On or about August 30, 2013, Plaintiff sent another written letter to defendant. He re-

7  repeated that he does not have an account with defendant, asked that defendant stop calling him

8  and he provided his cell phone number. Despite receiving Plaintiff's third written letter defendant

9  did not stop calling. Defendant continued to call Plaintiff's cell phone using an automatic

10  telephone dialing system, using an artificial or prerecorded voice and kept leaving prerecorded

11  voice messages.

12      17.  Sometime at the end of 2013 Plaintiff began to receive unsolicited collection calls to

13  his cell phone from defendant's debt collector. On information and belief, defendant assigned the

14  Citibank account to the debt collector with instructions to telephone and collect on Plaintiff.

15      18.  On information and belief, defendant is telephoning Plaintiff in connection with an

16  attempt to collect a defaulted consumer credit card debt, incurred by someone else, for personal,

17  family or household purposes.

18      19.  On information and belief, the money defendant is attempting to collect is a

19  "consumer debt" as that term in defined by California Civil Code §1788.2(f).

20      20.  On information and belief, defendant believes Plaintiff has an account with Citibank

21  and/or that Plaintiff's cell phone number is associated with a Citibank Mastercard account.

22  Citibank believes that repeated phone calls to Plaintiff's cell phone is for the purpose on

23  collecting on a delinquent consumer debt. Defendant is treating Plaintiff as if he is being less than

24  truthful with respect to his declarations that he does not have a Citibank account and acting as if

25  he is the debtor.

26      21.  Defendant engaged in unfair and unconscionable conduct in an attempt to collect a

27  debt and engaged in conduct the natural consequence was to oppress, abuse and harass Plaintiff.

28

22.  Defendant engaged in conduct the natural consequence which was to abuse and harass, including making repeated, continuous calls to Plaintiff despite his requests to stop.

23.  Defendant telephoned Plaintiff with such frequency that would be unreasonable under the circumstances.

24.  Defendant engaged in unfair and unconscionable practices in an attempt to collect a debt, including using an automatic telephone dialing system to call Plaintiff's cell phone, using a prerecorded voice and/or artificial voice to call him and leaving prerecorded voice messages on Plaintiff's cell phone without his consent.

25.  Defendant made false, deceptive or misleading representations or means in connection with the collection of a debt, including contacting Plaintiff after he asked that defendant stop and telling Plaintiff it would stop calling him.

26.  On information and belief, defendant used an automatic telephone dialing system and/or a prerecorded voice and/or artificial voice to telephone Plaintiff's cell phone from April 2013 and to the present. At all times relevant to this complaint, defendant used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f)(1).

27.  Upon information and belief, defendant made recordings of its calls with Plaintiff.

28.  Defendant's calls were repeated and continuous, and were with such frequency as to be unreasonable and constitute harassment under the circumstances.

29.  Some of defendant's employees that called and/or left messages on Plaintiff's cell phone include Janet and Patricia.

30.  As a result of defendant's unlawful acts and omissions Plaintiff's privacy has been invaded, he has suffered emotional distress including, stress, feelings of being overwhelmed by the constant telephone calls, anger, loss of concentration, fatigue, irritability, headaches, feelings of being targeted and fear of answering the phone amongst other negative emotions and damages

### III. JURISDICTION AND PARTIES

31.  Jurisdiction of this Court arises under 28 U.S.C. §1331, 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

32.  Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

33.  Stevin Masuda ("Masuda or Plaintiff") is over the age of 18 and is a resident of Monterey County.

34.  Defendant Citibank, N.A., is a national bank, ("Citibank or Defendant") with its headquarters in Sioux Falls, South Dakota and a wholly owned subsidiary of Citigroup, Inc., which was doing business at all relevant times in Monterey County and throughout California. A significant portion, if not a majority, of Citibank's business operations are dedicated to servicing consumer credit card debt. Defendant in the ordinary course of business, regularly attempts to collect debts on its own behalf. Defendant is a "debt collector" as that term is defined by §1788.2.

35.  Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Plaintiff, and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

36.  At all relevant times, the conduct of each defendant named above, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, in conscious disregard for the rights of others, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff.

37.  At all times mentioned herein, each defendant and employee of defendant named above was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment and under direct supervision and control of each defendant. The defendants are jointly and severally liable to Plaintiff. Defendant approved,

authorized and/or ratified the wrongful acts and omissions herein.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT

38.  Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

39.  Defendant regularly collects debts and uses the mail and telephones to collect on debts. Defendant is a debt collector as defined by Civ. Code §1788.2(c).

40.  Defendant was attempting to collect a consumer debt as defined by Civ. Code § 1788.2(f). The acts and practices taken by Defendant described herein is "debt collection" as defined by Civ. Code §1788.2(c).

41.  Defendant violated Civ. Code §1788.17, which requires every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of 15 U.S.C. §1692b to §1692j of 15 U.S.C. §1692. Defendant's acts and omissions, and course of conduct as more fully described above constitute numerous and multiple violations of the 15 U.S.C. §1692 et.seq., including but not limited to the violations of; §1692c(c), §1692d, §1692d(5), §1692e, §1692e(10), §1692f, §1692f(1).

42.  Defendant's acts and omissions, and course of conduct as more fully described above constitute numerous and multiple violations of the Civ. Code §§1788-1788.32, including but not limited to the violations of; 1788.11(d).

43.  Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

### SECOND CLAIM FOR RELIEF
### TELEPHONE CONSUMER PROTECTION ACT

44.  Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

45.  At all relevant times to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. §153(32).

46. At all times relevant times to this complaint, the Defendant has owned, operated, and

1    or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that

2    originated, routed, and/or terminated telecommunications.

3         47.  The Defendant at all times relevant to the complaint herein engages in

4    "telecommunications" defined by the TCPA U.S.C. § 153(43).

5         48.  The Defendant at all times relevant to the complaint herein engages in "interstate

6    telecommunications" defined by the TCPA U.S.C. § 153(43).

7         49.  At all relevant times to this complaint, the Defendant has used, controlled, and/or

8    operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as

9    instrumentalities of interstate and intrastate commerce.

10        50.  At all relevant times to this complaint, the Defendant has used, controlled, and/or

11   operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1)

12   and 47 C.F.R. § 64.1200 (f)(1).

13        51.  The telephone numbers that Defendant used to contact Plaintiff, made by an

14   automatic telephone dialing system and/or with an artificial and/or prerecorded voice were

15   assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16        52.  Defendant frequently made calls to Plaintiff's cell phone using an automatic

17   telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) and/or

18   an artificial or prerecorded voice.

19        53.  Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §

20   227(b)(1)(A), by using an automatic telephone dialing system and/or an artificial and/or

21   prerecorded voice to telephone a cellular phone, without Plaintiff's consent.

22        54.  Defendant's violations were willful and knowing.

23        55.  As a result of these violations of the TCPA, Defendant is liable to Plaintiff for

24   statutory damages, including treble damages.

25        56.  Defendant engaged in willful and knowing violations of 47 U.S.C. § 227(b)(1)(A).

26        57.  Defendant used an automatic telephone dialing system and/or an artificial and/or

27   prerecorded voice to telephone Plaintiff's cellular telephone without his consent.

28

58.  Defendant's acts were willful, intentional and knowing.

59.  Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

60.  Plaintiff is entitled to recover actual damages, statutory damages, attorney fees, costs and punitive damages.

### THIRD CLAIM FOR RELIEF
### INTRUSION UPON SECLUSION

61.  Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

62.  Our legislature explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Rosenthal Fair Debt Collection Practices Act and incorporating most of the Federal Act's provisions into the California's Fair Debt Collection Practices Act, when Congress stated, as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.** 15 U.S.C. § 1692(a) (emphasis added).

63.  Additionally, the Federal Act states that a debt collector "shall not communicate further with" with a consumer when it receives a no contact letter. 15 U.S.C. 1692c(a)(1). Plaintiff sent defendant a no contact letter to defendant but defendant kept calling his cell phone.

64.  According to findings by the FCC[1], the agency Congress vested with authority to issue regulations implementing the Telephone Consumer Protection Act, calls as described herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

65.  Defendant's acts described herein constitute an invasion of the Plaintiff's privacy

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

1   and an intrusion upon his right of seclusion.

2        66.  Plaintiff has a reasonable expectation of privacy in his solitude, seclusion and/or

3   private affairs.

4        67.  Defendant's abusive and improper collection practices in the collection of the debt

5   constituted an invasion of Plaintiff's seclusion and privacy, and would be highly offensive to

6   a reasonable person.

7        68.  Defendant intended to cause emotional distress, and/or engaged in reckless

8   disregard of the probability of causing Plaintiff emotional distress.

9        69.  As a proximate result of Defendant's conduct, Plaintiff has suffered damages in an

10  amount to be determined by proof and finder of fact at trial.

11       70.  Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiff

12  to punitive damage in an amount according to proof and a finder of fact at trial.

13                           **VI. PRAYER FOR RELIEF**

14       WHEREFORE, Plaintiff prays for the following relief:

15  1.   For actual and punitive damages;

16  2.   For statutory and actual damages pursuant to Civil Code §§ 1788.17 and 1788.30;

17  3.   Statutory damages in the amount of $500 for each violation of the TCPA, and/or

18       treble damages for each willful or knowing violation pursuant to the TCPA;

19  4.   Injunctive relief pursuant to 47 U.S.C. 227(b)(3)(A);

20  5.   For an award of attorneys' fees, costs and expenses incurred in the investigation,

21       filing and prosecution of this action pursuant to the Civ. Code §1788 *et.seq.*

22  6.   For prejudgment interest to the extent permitted by law; and

23  7.   For such other and further relief as the Court may deem just and proper.

24  Respectfully submitted,

25  Dated 1/10/2014

26                  /s/ Balám O. Letona

27                  _____

28                  Balám O. Letona, Esq.

Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff Stevin Masuda hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Balám O. Letona

Balám O. Letona, Esq.