United States District Court
For the Northern District of California

1
2
3
4                    UNITED STATES DISTRICT COURT
5                    NORTHERN DISTRICT OF CALIFORNIA
6
7
8    STEVIN MASUDA,
9            Plaintiff,                      No. C 14-00159 PJH
10       v.                                  **ORDER DENYING MOTION TO DISMISS
                                             AND VACATING HEARING**
11   CITIBANK, N.A.,
12           Defendant.
     _____/
13
14       Before the court is the motion of defendant Citibank, N.A. ("Citibank") for an order
15   dismissing the first and third causes of action alleged in the first amended complaint
16   ("FAC").  Having read the parties' papers and carefully considered their arguments and the
17   relevant legal authority, the court hereby DENIES the motion as follows.
18                              **BACKGROUND**
19       Plaintiff Stevin Masuda ("Masuda") alleges that defendant Citibank placed repeated
20   calls to his cell phone, using an automated dialer to call and leave prerecorded telephone
21   messages without consent or an established prior business relationship.  Masuda, who was
22   not a Citibank customer, alleges that between April and November 2014 he received over
23   300 calls from Citibank seeking to collect on a Citibank Mastercard consumer credit card.
24   He alleges that over this period he contacted Citibank by telephone twice to request that
25   the calls stop and that he additionally sent written correspondence twice and an email once
26   requesting that the calls stop, yet they continued.
27       Masuda originally filed suit in this court on January 10, 2014, alleging causes of
28   action for (1) violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"),

United States District Court

For the Northern District of California

Cal. Civ. Code § 1788.17, et seq.; (2) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq.; and (3) intrusion upon seclusion. Masuda filed the FAC on March 3, 2014, alleging the same three causes of action. Citibank now moves to dismiss the first and third causes of action for failure to state a claim, leaving undisturbed the second claim under TCPA in this motion.

**DISCUSSION**

A.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see also In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted).

United States District Court

For the Northern District of California

1    A motion to dismiss should be granted if the complaint does not proffer enough facts

2  to state a claim for relief that is plausible on its face.  See id. at 558-59.  A claim has facial

3  plausibility when the plaintiff pleads factual content that allows the court to draw the

4  reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556

5  U.S. at 678 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to

6  infer more than the mere possibility of misconduct, the complaint has alleged - but it has

7  not 'show[n]' - 'that the pleader is entitled to relief.'"  Id. at 679.  In the event dismissal is

8  warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved

9  by any amendment.  See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

10    Although the court generally may not consider material outside the pleadings when

11  resolving a motion to dismiss for failure to state a claim, the court may consider matters

12  that are properly the subject of judicial notice.  Lee v. City of Los Angeles, 250 F.3d 668,

13  688-89 (9th Cir. 2001); Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th

14  Cir. 1986).

15  B.    Defendant's Motion

16    Citibank seeks an order dismissing the first cause of action for violation of the

17  Rosenthal Act, and the third cause of action for intrusion upon seclusion.

18    1.    Rosenthal Act Claim

19    Citibank contends that the first cause of action fails to state a claim because

20  Masuda has not alleged facts showing that he is a "debtor" and that Citibank is a "debt

21  collector."

22    First, Citibank argues that Masuda lacks standing to bring a cause of action under

23  the Rosenthal Act because he is not a debtor.  The Rosenthal Act defines a debtor as "a

24  natural person from whom a debt collector seeks to collect a consumer debt which is due

25  and owing or alleged to be due and owing from such person."  Cal. Civ. Code § 1788.2(h).

26  Here, Masuda has standing to bring an action under the Rosenthal Act because he fits

27  perfectly well into the second classification of debtor – those who are *alleged* to have a

28  consumer debt due and owing.

United States District Court

For the Northern District of California

1    Citibank points to two cases in which the Rosenthal Act has been interpreted as

2    allowing only the person owing a debt to bring this action.  Sanchez v. Client Servs., Inc.,

3    520 F. Supp. 2d 1149, 1155 n.3 (N.D. Cal. 2007); People v. Persolve, LLC., 218 Cal. App.

4    4th, 1267, 1272 n.1 (2013).  In both Sanchez and Persolve, however, the plaintiff lacked

5    standing where it was not obligated or allegedly obligated to owe a debt to be collected by

6    the defendant.  Neither of these cases is similar to the circumstances here, where Masuda

7    was alleged to owe a debt and Citibank sought to collect it.

8    Additionally, Masuda has stated a claim that Citibank "engage[d] in conduct the

9    natural consequence of which is to harass, oppress, or abuse" in violation of the Fair Debt

10   Collection Practices Act ("FDCPA") , 15 U.S.C. § 1692d.  Federal judicial interpretations of

11   the FDCPA are incorporated into the Rosenthal Act by Civil Code § 1788.17 such that a

12   plaintiff may state a claim for violation of the Rosenthal Act simply by showing that a

13   defendant violated any of several provisions of the FDCPA, 15 U.S.C. § 1692 et seq.  See,

14   Crockett v. Rash Curtis & Assocs., 929 F. Supp. 2d 1030, 1033 (N.D. Cal. 2013)

15   (Alsup, J.).[1]  Masuda provided notice on multiple occasions and in multiple forms that it was

16   calling the wrong number to collect its debt.  Masuda's allegation that Citibank called his

17   cell phone over 300 times in spite of this knowledge raises a plausible inference that it

18   intended to harass him in violation of Subsection 1692d(5).  Thus, Masuda has standing to

19   bring a claim under the Rosenthal Act.

20   Second, Citibank argues that Masuda's claim for relief under the Rosenthal Act fails

21   because Masuda has not pled facts showing that Citibank is a "debt collector."  The

22   Rosenthal Act defines "debt collector" as "any person who, in the ordinary course of

23   business, regularly, *on behalf of himself or herself* or others, engages in debt collection."

24

25        [1]Masuda alleges in the FAC that Citibank "violated Civ. Code § 1788.17."  FAC ¶ 157.
     That Section reads, in relevant part, "every debt collector collecting or attempting to collect a
26   consumer debt shall comply with the provisions of sections 1692b to 1692j, inclusive, of, and
     shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."  Cal.
27   Civ. Code § 1788.17.  "The Rosenthal Act mimics or incorporates by reference the FDCPA's
     requirements . . . and makes available the FDCPA's remedies for violations."  Riggs v. Prober
28   & Raphael, 681 F.3d 1097, 1100 (9th Cir. 2012).

United States District Court

For the Northern District of California

1   Cal. Civ. Code § 1788.2(c) (emphasis added).[2]  The definition of "debt collector" under the

2   Rosenthal Act is thus broader and more inclusive than under the FDCPA because it allows

3   for those collecting debts on their own behalf to be considered "debt collectors."  See Moya

4   v. Chase Cardmember Serv., 661 F. Supp. 2d 1129, 1132 (N.D. Cal. 2009).

5        Here, Citibank qualifies as a debt collector under the Rosenthal Act because it

6   attempted to collect a credit card debt on its own behalf.  These efforts included calling

7   Masuda for months even after he contacted Citibank to confirm he was not its customer or

8   debtor and requested that the calls stop.  Therefore, Masuda has stated a claim against

9   Citibank under the Rosenthal Act because he has stated facts showing that he fits within

10   the statute's definition of "debtor" and that Citibank fits within the statute's definition of "debt

11   collector."

12        2.    Intrusion upon Seclusion Claim

13        Citibank argues that Masuda fails to plead sufficient facts to support a claim for

14   intrusion upon seclusion.  An action for invasion of privacy by intrusion upon seclusion has

15   two elements: (1) an intrusion into a private place, conversation, or matter, (2) in a manner

16   highly offensive to a reasonable person.  Taus v. Loftus, 40 Cal. 4th 683, 725 (2007).

17   Courts have held that repeated and continuous calls made in an attempt to collect a debt

18   may give rise to a claim of intrusion upon seclusion.  In Fausto v. Credigy Servs. Corp., 598

19   F. Supp. 2d 1049 (N.D. Cal. 2009),  the court found that the plaintiffs had raised triable

20   issues as to an invasion of privacy claim, based on allegations that the debt collector's

21   employees had made more than 90 calls to the debtors' home; that the content of the calls

22   had been harassing; and that the employees had failed to identify themselves when calling,

23   and had allowed the phone to ring repeatedly and called back immediately after the debtors

24   hung up the phone.  Id. at 1056.  In Joseph v. J.J. Mac Intyre Companies, 281 F. Supp. 2d

25   1156 (N.D. Cal. 2002), the court held that there were triable issues of fact as to whether the

26   plaintiff's privacy was invaded where the debt collector called the plaintiff over 200 times in

27   ─────────────────

28        [2]"The term 'debt collection' means any act or practice in connection with the collection of consumer debts."  Cal. Civ. Code § 1788.2(b).

1  the course of 19 months seeking to collect on a hospital debt.  Id. at 1169.

2       Here, Masuda alleges that Citibank called him over 300 times.  This includes calls

3  nearly every day from April to November 2013, including many days with multiple calls (up

4  to six per day).  Although Masuda does not allege that the content of the calls was

5  offensive, the context of the constant calls viewed in light of the multiple requests that the

6  calls stop (and confirmation from Citibank that they would stop) and the fact that the calls

7  were to a person confirmed to not be Citibank's debtor, could be found by a reasonable jury

8  to be highly offensive.  In conclusion, Masuda has pled sufficient facts to state a claim for

9  invasion of privacy by intrusion upon seclusion; he is not required to prove the allegation at

10  this juncture.

**CONCLUSION**

12       In accordance with the foregoing, the motion to dismiss is DENIED.  The May 7,

13  2014, hearing date is VACATED.

15  **IT IS SO ORDERED.**

16  Dated:  April 29, 2014

17  _____
PHYLLIS J. HAMILTON
United States District Judge

6